ELIZABETH R. TAYLOR v. RICHARD F. TAYLOR

No. 7016DC358

(Filed 5 August 1970)

**Divorce and Alimony §§ 18, 22— alimony and child support — sufficiency of evidence — remand**

> In the wife's action seeking alimony *pendente lite*, alimony without divorce, and child custody and support, the wife presented no evidence to support her demands for alimony and for custody and support; and the action is remanded for a new hearing on the questions of child custody and support.

APPEAL by defendant from *Floyd, District Judge,* 5 February 1970, Non-jury Session of ROBESON County District Court.

On 23 December 1969 plaintiff instituted this action seeking alimony *pendente lite,* alimony without divorce, custody of minor children born of her marriage to defendant and child support. Plaintiff's complaint contained allegations of adultery, abandonment and indignities to the person of the plaintiff. Defendant answered and denied the material allegations of the complaint. Defendant alleged that when the parties separated, approximately two years prior to the institution of this action, they mutually agreed to live separately and apart from each other. Apparently there was no hearing on the question of alimony *pendente lite.* The case was heard on its merits by the trial judge without a jury.

Both parties offered evidence. The judge made the following "findings of fact":

"... [T]he defendant has offered such indignities to the person of the plaintiff as to render her condition intolerable and life burdensome. The plaintiff is a dependent spouse and the defendant owes an obligation of support to the plaintiff and to the children of the marriage, named in the Second Cause of Action in the Complaint herein. The defendant is a person of means and is able physically and financially to provide alimony for the plaintiff and support for the children named in the complaint. Both of the parties are fit and proper persons to have the care, custody and control of the children of the marriage, and it is in the best interests of said children that their primary care, custody and control be placed with the plaintiff, subject to the right to the defendant to reasonable visitation privileges. . . ."

The judgment then ordered that plaintiff be given custody of the minor children; defendant transfer certain cash and property to plaintiff; plaintiff transfer certain property to defendant; defendant pay a fixed sum monthly as alimony to plaintiff; defendant pay a fixed sum for child support and pay plaintiff's attorney a fixed sum for representing plaintiff.

Defendant appealed.

*Johnson, Hedgpeth, Biggs and Campbell by John W. Campbell for plaintiff appellee.*

*McLean, Stacy, Henry & McLean by H. E. Stacy, Jr., for defendant appellant.*

VAUGHN, J.

Plaintiff's complaint contained allegations which, if proven, would have entitled her to alimony. G.S. 50-16.2. Plaintiff offered no evidence tending to show the existence of any grounds for alimony. All the evidence was devoted to the financial circumstances of the parties. The record is void of a scintilla of evidence as to the conduct of the defendant or the cause of the separation. Plaintiff, throughout her testimony, referred to "our separation" and at one point "since our mutual separation." There is no evidence to support the court's conclusion that the defendant had offered such indignities to the person of plaintiff as to render her condition intolerable and life burdensome. Plaintiff's action for alimony without divorce should have been dismissed and judgment rendered for defendant. There is also a complete absence of any evidence in the record to support the

court's conclusion as to the best interests of the children with respect to custody.

The judgment entered by the district court judge is reversed. The case is remanded for a new hearing on the question of custody and child support to the end that an order, based on proper findings of fact which are supported by competent evidence, may be entered.

Reversed and Remanded.

CAMPBELL and PARKER, JJ., concur.